**E-FILED on**     5/18/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAYNE PALMISANO and RICHARD PALMISANO,<br><br>Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION, et al.,<br><br>Defendants. | No. C-03-01607 RMW<br><br>ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' EMOTIONAL DISTRESS CLAIMS<br><br>**[Re Docket No. 44]** |

The Motion of defendants Olin Corporation and Standard Fusee for Partial Summary Judgment on Plaintiffs' Emotional Distress Claims, or, in the alternative, to Compel Medical Discovery, was heard on February 4, 2005. The Rapazzini Graham/Duane Morris plaintiffs oppose the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants defendants' motion for partial summary judgment to the extent that plaintiffs are precluded from claiming damages for emotional distress caused by any fear or anxiety that they may experience physical illness or disease (such as thyroid disease or learning disabilities) from exposure to the allegedly contaminated water. Plaintiffs are not precluded from seeking compensation for emotional distress resulting from general disruption to their lives, loss of use of their property, annoyance,

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM

inconvenience, and the like caused by having to deal and put up with the allegedly toxic water. The alternative motion to compel medical discovery is denied as moot.

## I. BACKGROUND

Plaintiffs bring numerous claims against Olin and Standard Fusee for dumping hazardous waste, including potassium perchlorate, at Olin's flare making facility in Morgan Hill, California. Defendants used the potassium perchlorate as an oxidizer and explosive propellant in rocket fuel and flares. Perchlorate is known to affect the thyroid gland, and perchlorate exposure has been known to impair neurological development in infants and fetuses and cause thyroid disorders, tumors, and cancer. The waste from Olin's flare making facility has created a toxic plume in the groundwater basin in Southern Santa Clara County. The plume has migrated to San Martin, affecting an aquifer that supplies groundwater to plaintiffs, who are residents of the city of San Martin. Upon discovery of the perchlorate contamination in January 2003, residents were advised by government officials not to use the water for drinking or cooking, and have been using bottled water, provided at Olin's expense since that time. Olin has publicly accepted responsibility for the contamination, and by order of the Regional Water Quality Control Board, has been investigating the scope of the contamination so that a clean-up strategy can be implemented.

Numerous complaints were filed against Olin, and at an October 3, 2003 Case Management Conference, plaintiffs were divided into three master files.[1] This order involves the Rappazini Graham/Duane Morris plaintiffs, who bring claims for negligence, negligence per se, strict liability, nuisance, trespass, intentional and negligent infliction of emotional distress and CERCLA violations. Plaintiffs seek general damages for loss of use and enjoyment of property, inconvenience, annoyance, discomfort, mental suffering and emotional distress, as well as special damages for diminution in property value and CERCLA response costs.

The Rapazzini/Graham plaintiffs and defendants have each identified two "bellwether" plaintiffs for purposes of addressing plaintiffs' claims. Plaintiffs have stated that they are not asserting personal injury

---

[1] Rapazzini Graham/Duane Morris cases were consolidated under *Jane Palmisano v. Olin Corp. & Standard Fusee*, No. 03-01607; Alexander putative class action cases were consolidated under *Mark Daniels v. Olin Corp. & Standard Fusee*, No. 03-01211; and Alexander individual cases were consolidated under *Albert Aguilar v. Olin Corp. & Standard Fusee*, No. 03-01644.

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                                             2

claims. After an unsuccessful mediation, the parties commenced shortened discovery involving the bellwether plaintiffs. During mini-depositions, bellwether plaintiff Dalla revealed that she has thyroid disease; bellwether plaintiff Pereira revealed that she was pregnant at the time she learned of the perchlorate contamination and also revealed that she has thyroid disease; and bellwether plaintiff Smith testified that she is developing back problems related to lifting bottled water, that her twenty-five year old daughter is experiencing hot flashes, and that her seven year old son is being evaluated for learning disabilities. Plaintiffs acknowledge that they are not bringing claims that their clients have or will suffer physical illness or disease as a result of their exposure. However, they do claim that they are entitled to recover compensation for emotional distress resulting from their worry about the effect of the perchlorate in their drinking water, particularly those who have preexisting thyroid problems as pechlorate is known to cause thyroid disruption.

Defendants contend that recovery for plaintiffs' anxiety over the potential adverse health effects of plaintiffs' exposure to the allegedly contaminated water is not compensable. Further, defendants allege that plaintiffs refusal to produce medical records and information precludes plaintiffs from seeking such recovery. Defendants submit that the individual medical status of each of the bellwether plaintiffs, and the medical status of the bellwether plaintiffs' family members, should be excluded from the trial. Alternatively, defendants argue that they are entitled to discovery of plaintiffs' medical records.

## II.  ANALYSIS

Emotional distress damages are generally available under tort claims for negligence, trespass, and nuisance. *Acadia, California, Ltd. v. Herbert*, 54 Cal. 2d 328, 337 (1960) ("It is settled that, regardless of whether the occupant of land has sustained physical injury, he may recover damages for the discomfort and annoyance of himself and the members of his family and for mental suffering . . . when such discomfort or suffering has been proximately caused by a trespass or a nuisance."). However, recovery for anxiety resulting from fear of developing some disease from the exposure is not recoverable unless the fear is corroborated by reliable medical or scientific opinion that it is more likely than not that the plaintiff will develop the disease in the future due to the toxic exposure. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 988-997 (1993); *see Kerins v. Hartley*, 27 Cal. App. 4th 1062, 1074 (1994) ("*Potter*

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                              3

demands application of the "more likely than not" threshold to emotional distress claims arising out of negligent exposure to HIV or AIDS"). In *Potter*, plaintiffs were residents living near a landfill where defendant had dumped liquid waste containing semiliquid toxic chemicals over a number of years, despite agreeing at the outset of its contractual relationship with the owner of the landfill not to do so. The California Supreme Court addressed, *inter alia*, fear of cancer (or other serious disease) claims under a negligent infliction of emotional distress theory and held that:

> in the absence of a present physical injury or illness, damages for fear of cancer may be recovered only if the plaintiff pleads and proves that (1) as a result of the defendant's negligent breach of a duty owed to the plaintiff, the plaintiff is exposed to a toxic substance which threatens cancer; and (2) the plaintiff's fear stems from a knowledge, corroborated by reliable medical or scientific opinion, that it is more likely than not that the plaintiff will develop the cancer in the future due to the toxic exposure. Under this rule, a plaintiff must do more than simply establish knowledge of a toxic ingestion or exposure and a significant increased risk of cancer. The plaintiff must further show that based upon reliable medical or scientific opinion, the plaintiff harbors a serious fear that the toxic ingestion or exposure was of such magnitude and proportion as to likely result in the feared cancer.

6 Cal. 4th at 997 (1993). In establishing this standard, the court noted that its "discussion is equally relevant to emotional distress engendered by fear that other types of serious physical illness or injury may result from toxic exposure." *Potter*, 6 Cal. 4th at 980. The court recognized that although its holding "may foreclose compensation to many persons with genuine and objectively reasonable fears," public policy concerns justify the result. *Id.* at 993. Those concerns include the tremendous societal cost of allowing a potentially unrestricted number of plaintiffs claiming fear of disease from toxic exposure and the need to have a sufficiently definite threshold for recovery to permit consistent application from case to case. *Id.* at 991-993.

Plaintiffs claim they are not seeking damages that *Potter* precludes. First, they say that they are not pursuing claims for any damages based on fear of future disease; rather they are seeking recovery for the worry about "rocket fuel in their drinking water," particularly since two of them have existing thyroid conditions. Plaintiffs do not claim the thyroid conditions were caused by the contaminated water or will more likely than not be aggravated in the future as a result of any exposure. The court does not find plaintiffs' distinction from *Potter* meaningful. To allow recovery for anxiety about one's future health without

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                                                        4

proof of the liklihood of contracting any particular disease would be inconsistent with the public policy concerns set forth in *Potter*.

Second, plaintiffs claim footnote 10 on page 986 of *Potter* "explicitly stated that its holding, and the 'fear of cancer' standard articulated by the court, was not applicable to trespass and nuisance claims, and specifically was not applicable to emotional distress claims arising out of trespass and nuisance." P's Memo, p. 16:18-20. The court disagrees. All footnote 10 says is that in the law of nuisance and trespass (as in the law of negligent infliction of emotional distress) emotional distress without physical injury is compensable. *Potter*, 6 Cal.4th at 986, n.10. *Potter* applies to all tort claims in which recovery is sought for emotional distress. Plaintiffs do not articulate—and the court does not perceive—any logical reason why *Potter*'s holding should apply only to negligence claims. The fact that trespass and nuisance causes of action protect property rights reinforces the conclusion that *Potter* did not exempt such claims from its holding. If recovery for unsubstantiated medical fears were still compensable after *Potter*, surely it would not be through claims that seek, respectively, to redress "invasions of the interest in the exclusive possession of land" and "discomfort and annoyance while using land." Rest. (Second) Torts § 821D, coms. b, d.

The *Potter* court articulates a somewhat lower standard for claims involving intentional infliction of emotional distress but still requires that to be compensable the distress must be "based upon medically or scientifically corroborated knowledge that the defendant's conduct has significantly increased the plaintiff's risk of cancer and that the plaintiff's actual risk of the threatened cancer is significant." *Id.* at 981 (citations omitted).

Plaintiffs do not claim that the likelihood of their acquiring a disease or illness from the alleged toxic exposure has been significantly increased or that they already suffer some illness or disease caused by the exposure.

Plaintiffs have also steadfastly objected to putting their medical conditions in issue. The court finds that if plaintiffs were to be allowed to claim damages for emotional distress caused by health anxieties, the defendants would have the right to explore plaintiffs' medical conditions and plaintiffs' knowledge of their susceptibility to disease or illness and what triggers their alleged distress. The position that plaintiffs have

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                                                    5

taken on medical discovery precludes them from now seeking compensation for worry about health risks, particularly the plaintiffs who apparently say they were worried because of existing medical conditions.

### III. ORDER

The court hereby orders:

1. Plaintiffs are precluded from claiming damages for emotional distress caused by any fear or anxiety that they have experienced or will experience physical illness or disease (such as thyroid disease or learning disabilities) from exposure to the allegedly contaminated water;

2. Plaintiffs are precluded from testifying or offering evidence as to their medical conditions or their family's condition, unless the condition has relevance to some issue other than fear of contracting or aggravating some disease or illness;

3. Plaintiffs are not precluded from seeking compensation for emotional distress resulting from general disruption to their lives, loss of use of their property, annoyance, inconvenience, and the like caused by having to deal and put up with the allegedly toxic water; and

4. The alternative motion to compel medical discovery is denied as moot.

DATED:     5/18/05                              /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                                          6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Colin L. Pearce | clpearce@duanemorris.com |
| M. Elizabeth Graham | meg@RapazziniGraham.com |
| Richard Matthew Franco | rmfranco@duanemorris.com |
| Mark P. Rapazzini | mpr@rapazzinigraham.com |
| Timothy W. Moppin | twmoppin@duanemorris.com |
| Matthew K. Kliszewski | mkkliszewski@duanemorris.com |
| Randall C. Creech | Rcreech@sjlegal.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Adam Edward Miller | Adam.miller@husch.com |
| Carol A. Rutter | carol.rutter@husch.com |
| Earl L. Hagstrom | earl.hagstrom@sdma.com |
| Keith M. Casto | keith.casto@sdma.com |
| Gary A. Sloboda | gary.sloboda@sdma.com |
| Randall C. Creech | Rcreech@sjlegal.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      5/18/05                   DOH
                                   **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
C-03-01607 RMW
TNL/PM                                               7